UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| SAGE ANDREW CASH ) | |
| ) | |
| ) | |
| v. ) | No. 2:14-cv-240 |
| ) | *Greer/Inman* |
| ) | |
| HAWKINS COUNTY JAIL, ) | |
| BUTCH GALLION, SOUTHERN ) | |
| HEALTH PARTNERS, and RONNIE ) | |
| LAWSON, Sheriff ) | |

## MEMORANDUM and ORDER

Acting *pro se*, Sage Andrew Cash, a state inmate housed in the Hawkins County jail ("the jail") in Rogersville, Tennessee, has submitted this civil rights complaint and amended complaint for injunctive relief under 42 U.S.C. § 1983, asserting that he is being subjected to unconstitutional treatment and conditions at the jail, (Docs. 1, 4).

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, (Doc. 2), and he is **ASSESSED** the full filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. *Id.*, *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007). Payments should be sent to: <u>Clerk, USDC; 220 W. Depot St., Suite 200; Greeneville, TN 37743.</u>

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where plaintiff is now confined. This order shall be placed in plaintiff's prison file and follow him if he is transferred to another correctional institution.

**I.     Screening.**

The Court now must screen the pleadings to determine whether the case should be dismissed as frivolous, malicious or for failure to state a claim or because monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e) (2) and § 1915A. In performing this task, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). All well-pleaded allegations in the complaint will be taken as true and the factual allegations will be considered to determine whether "they plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The Court examines the complaint in light of those requirements.

**II.     Plaintiff's Allegations.**

Named in the complaint as the defendants are the Hawkins County jail, Butch Gallion,

2

who serves as a jail lieutenant, Southern Health Partners, who is the provider of medical services at the facility, and Ronnie Lawson, Sheriff of Hawkins County.

According to the pleading, plaintiff has been experiencing worsening vision, but has been told in response to the grievances, requests, and medical forms he submitted to the jail authorities seeking help, that the facility does not fund and (by inference) does not provide medical care for inmates with vision problems. Plaintiff fears that he will succumb to blindness if he must await completion of his four-year jail sentence to obtain proper vision care. Plaintiff also maintains that the jail does not have an up-to-date law library to serve prisoners.

In his amended complaint, plaintiff alleges that he has been threatened by defendant Gallion, subjected to acts of retaliation for filing this lawsuit, including being beaten. More specifically, plaintiff contends that, on Tuesday (September 2, 2014), three officers came to his cell and told him that he was being terminated from his trustee position and ordered him to pack his belongings because he was being moved to a different cell. The next day, he asked to change cells based on conflicts he was having with his cellmate in the new cell. Plaintiff was removed from the cell and taken into the hall, where he was sprayed with mace, choked, and severely beaten by unnamed officers.

Plaintiff asserts that he then was handcuffed for six hours, taken to the "drunk" tank, and placed in a restraint chair, though he was not being disorderly and was still blinded as a result of having mace sprayed on him. Upon plaintiff's release from the restraint chair, the officers ordered him to sit down to avoid being sprayed with another dose of mace and, when he asked why he was being treated in this fashion, they explained that "they were just doing what they were told to do." Plaintiff sat in the drunk tank, with his nose broken, both wrists lacerated from wearing overly-

3

tight handcuffs, and mace in his eyes, until Friday, September 5th, when he was able to take a shower.

   **III.   Law & Analysis.**

A. *Deprivation of Vision Care*

"Punishment" can be extended beyond that which is part of a sentence and can include the conditions under which an inmate is confined; thus conditions of confinement which amount to an "unnecessary and wanton infliction of pain" violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Deliberate indifference to an inmate's serious medical needs constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An inmate's vision impairments, under some circumstances, can amount to a serious medical need. *Colwell v. Bannister*,__ F.3d __, __, 2014 WL 3953769, *4 (9th Cir. Aug. 14, 2014); *Newman v. Alabama*, 503 F.2d 1320, 1331 (5th Cir. 1974) (systemic deficiencies in providing vision care can give rise to a serious medical need).

Here, however, plaintiff claims that nurse "Brittney" (who has not been named as a defendant) told him that the Southern Health Partners do not fund vision care at the jail, but he does not allege that the nurse refused to see or treat him for his vision problem, that she stated that his problem lay outside her expertise and indicated that he needed a vision care specialist for treatment or diagnosis of his problem, or that she recommended that he be referred to a specialist for such care. Therefore, it is unclear whether plaintiff has alleged facts sufficient to show that he was experiencing a "serious medical need."

A sufficiently culpable state of mind—one of deliberate indifference—may be evinced by showing that a correctional official knows of, but disregards, an excessive risk to inmate health or

4

safety. *Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994).

In this case, while plaintiff has not named as a defendant the individual who supposedly denied him care for his worsening vision, he has named the provider of health care at the jail as a defendant and has cited its policy of not funding vision care as the reason for any failure to attend to his vision troubles (had he shown that those problems were serious medical needs). *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("A prisoner's statement that he repeatedly alerted medical personnel to a serious medical condition, that they did nothing in response, and that permanent injury ensued, is enough to state a claim on which relief may be granted—if it names the persons responsible for the problem."); *cf Goodman v. Johnson*, 524 Fed.Appx. 887, 889, 2013 WL 1849184, 2 (4th Cir. May 3, 2013) (no § 1983 liability on the part of a provider of prisoner health care absent facts indicating that the entity has an official policy or custom of denying inmates access to contact lenses contrary to their doctors' recommendation).

The allegations, as they stand, do not state an Eighth Amendment claim and are **DISMISSED**. Yet as recognized, vision impairments may constitute a serious medical need, in certain situations, and it remains open for plaintiff to seek to amend his complaint to cure the cited deficiencies. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

B. *Lack of an Updated Law Library*

An inmate has a First Amendment right to meaningful access to the courts, *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 822 (1977), but has no freestanding right to a law library. *Lewis*, 518 U.S. at 351. In order to succeed on a claim for denial of access to the courts, a plaintiff must show that he has actually been impeded in his efforts to pursue a non-frivolous legal claim regarding his conviction or conditions of confinement. *Id*. This means that a

plaintiff "must plead and prove prejudice stemming from the asserted violation, [such as] the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996) (citing *Lewis*). Thus, plaintiff must demonstrate that the denial of updated law books prejudiced his ability to litigate a legal matter. *Tinch v. Huggins*, 2000 WL 178418, *1-*2 (6th Cir. Feb. 8, 2000).

Plaintiff has shown no "litigation related detriment" to this or any other civil case or to any pending criminal case. *Pilgrim*, 92 F.3d at 416. Therefore, his allegation that the books in the law library were outdated fails to state a claim for denial of access to the courts.

C. *Retaliation/ Beating Claims (Amended Complaint)*

In the amended complaint (as construed), plaintiff alleges that he was subjected to various acts of retaliation for filing this lawsuit and suggests that even the beating he sustained at the hands of unnamed officers was somehow connected to the filing of this lawsuit. For example, plaintiff maintains that "it all started the day I had that application [to proceed without prepayment of the filing fees] notarized," and that, when defendant Gallion returned his application to him, defendant told plaintiff that "it was the biggest mistake [he] could've made and that [his] trustee job wouldn't last much longer," (Doc. 4).

"Retaliation by public officials against the exercise of First Amendment rights is itself a violation of the First Amendment." *Zilich v. Longo*, 34 F.3d 359, 364 (6th Cir. 1994). "[A]n act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." *Bloch v. Ribar*, 156 F.3d 673, 681-82 (6th Cir. 1998) (citation omitted). A prisoner states a retaliation claim if he shows that (1) he engaged in protected conduct (2) an adverse action was taken against him which

6

would deter a person from ordinary firmness from continuing to engage in such conduct and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff has alleged that he filed a lawsuit, which constitutes conduct which is protected by the Constitution and, thus, satisfies the first element of a retaliation claim. Though "[i]t is not necessarily true . . . that every action, no matter how small, is constitutionally cognizable" and though "certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations," *Id.* at 396, 398, the Court cannot say, at this point in time, whether the move to another cell and purported job loss alleged in the amended complaint would dissuade a person of ordinary resolve from filing suit or whether they were motivated by a desire to punish plaintiff for his litigation activities. *Compare LaFountain*, 716 F.3d at 949 (allegations that assigning a prisoner to a cell with mentally ill prisoner and refusing his requests to change cells sufficiently pled a retaliation claim), *Siggers-El v. Barlow*, 412 F.3d 693, 701-02 (6th Cir. 2005) (A retaliatory inter-prison transfer is an adverse action where it has foreseeable, negative effects on the inmate, such as losing a high-paying job and moving him further from his attorney), and *DeWalt v. Carter*, 225 F.3d 607, 619 (7th Cir. 2000) (An inmate's allegation that he was fired from his prison job because he filed a grievance states a First Amendment claim.) with *Smith v. Yarrow*, 78 Fed.Appx. 529, 543, 2003 WL 22400730, at *12 (6th Cir. Oct. 20, 2003) (affirming dismissal of retaliation claim, "not because threats are never actionable, but the underlying conduct (a transfer) does not constitute adverse action"). But the Court can say that a beating is not a de minimis deprivation (assuming, at the screening stage of litigation, the truth of plaintiff's allegations). This claim will be permitted to advance against defendant Gallion.

7

Case 2:14-cv-00240-JRG-MCLC   Document 7   Filed 09/12/14   Page 7 of 9   PageID #: 35

*D. The Defendants*

Plaintiff has named the jail as a defendant. This defendant, however, is a non-suable entity because it is a building. It, therefore, is not a "person" subject to suit within the meaning of § 1983. *Monell v. Dep't of Social Services*, 436 U.S. 658, 688-90 (1978); *Marbry v. Correctional Medical Services*, 2000 WL 1720959, *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983.") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent County Corr. Facility*, 1997 WL 225647, *1 (6th Cir. May 1, 1997) (("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Accordingly, because plaintiff cannot maintain this § 1983 lawsuit against a building, the Hawkins County jail is **DISMISSED** as a defendant.

Also named as a defendant is Ronnie Lawson, the Hawkins County Sheriff. To the extent that plaintiff is seeking to impose liability on defendant Lawson under § 1983 for the acts of those under his supervision, he has no claim against the Sheriff unless he establishes that this defendant "encouraged the specific incident of misconduct or in some other way directly participated in it [or] at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hays v. Jefferson County*, 668 F.2d 869, 872–74 (6th Cir.1982)).

Plaintiff has failed to show any involvement whatsoever on the part of this defendant in any asserted wrongful conduct and therefore, plaintiff has stated no claim against Sheriff Ronnie Lawson. Defendant Lawson is also **DISMISSED** from this lawsuit.

Accordingly, the Clerk is **DIRECTED** to send plaintiff a service packet (a blank summons and USM 285 form) for defendant Gallion. Plaintiff is **ORDERED** to complete the service packet

8

and return it to the Clerk's Office within twenty (20) days of the date of this Order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendant **SHALL** answer or otherwise respond to the complaint within twenty (20) days from the date of service.

Finally, plaintiff **SHALL** promptly notify the Court of any address changes and he is **ADVISED** that his failure so to do, within ten (10) days of any such change, will result in the dismissal of this lawsuit for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE