UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| SAGE ANDREW CASH, #, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )    No.: 2:14-cv-240-JRG-MCLC |
| | ) |
| HAWKINS COUNTY JAIL, *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |

## MEMORANDUM AND ORDER

This *pro se* state prisoner's civil rights complaint and two amended complaints under 42 U.S.C. § 1983 are before the Court upon a pending motion to dismiss and a supporting brief filed by Butch Gallion, an officer at the Hawkins County Jail, where plaintiff formerly was confined, [Docs. 15-16]. Lieutenant Gallion is the only defendant who has been served with process at this point in time, [Doc. 9].

The motion is based on plaintiff's failure to notify the Court of a change of address within ten (10) days of the change, as he was directed to do in the screening order, [Doc. 7]. That order stated, in relevant part, as follows:

> Finally, plaintiff SHALL promptly notify the Court of any address changes and he is ADVISED that his failure so to do, within ten (10) days of any such change, will result in the dismissal of this lawsuit for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, [*Id.*, p.9].

While it appears that defendant is correct that plaintiff failed to give timely notice of his address change, he has since filed a notice of his current address, [Doc. 21]. Given

that defendant has not asserted that he has been prejudiced by the lack of notice and in view of this circuit's preference of resolving suits on their merits and not merely upon technical grounds, *see Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003), defendant's motion to dismiss is **DENIED**, [Doc. 15].

In reviewing the dispositive motion for resolution, the Court has determined that a brief summary of the claims is warranted in order to identify the precise claims being advanced in this lawsuit, given the number of proposed amendments filed by plaintiff.

As detailed in the screening order, plaintiff's claim regarding an alleged deprivation of vision care was dismissed for failure to state a claim, subject to plaintiff's amending the claim to correct certain deficiencies cited in the order. Plaintiff submitted a proposed amendment to the claim, [Doc. 8], but he failed to mention that he had filed the exact same claim in another § 1983 case in this Court. *Cash v. Armstrong*, No.: 2:14-cv-316-JRG-DHI (E.D.Tenn.) (filed Oct. 21, 2014).

Clearly, plaintiff may not maintain duplicate vision-care claims in two separate lawsuits. Since duplicative claims are frivolous, *Catchings v. Fry*, No. 12-2305-JDT-TMP, 2013 WL 3433145, at *3 (W.D. Tenn. July 8, 2013) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), and *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)), and since amending a duplicative and, thus, frivolous claim would be an exercise in futility, the Court **DENIES** plaintiff leave to amend the vision-care claim alleged in this instant lawsuit, [Doc. 8, pp 1-2]. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding that leave to amend should be freely given, unless an amendment would be futile). Because

2

the vision-care claim has been dismissed, Southern Health Partners, one of the defendants against whom the claim was asserted, is also **DISMISSED.**

Plaintiff amended his retaliation/beating claims contained in his complaint to specifically identify three officers as alleged participants in the claimed beating, [Doc. 8 p.2]. Correctional Officer Castle, Correctional Officer Begley, and Sergeant Webb are **ADDED** as defendants.

Accordingly, the Clerk is **DIRECTED** to send plaintiff three service packets (a blank summons and USM 285 form) for each newly-added defendant. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of the date of this Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action. Defendants **SHALL** answer or otherwise respond to the complaint within twenty (20) days from the date of service.

Finally, because plaintiff has notified the Court that he has been transferred to a state prison, [Doc. 21], all his claims for injunctive relief, including his request for a temporary restraining order, are **DISMISSED** as **MOOT**.

      **ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
